UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARION HAHN                                                                                    Plaintiff

v.                                                                          Civil Action No. 3:24-cv-280-RGJ

STATE FARM FIRE AND CASUALTY                                                    Defendant
COMPANY

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Now comes before the Court supplemental memoranda regarding subject matter jurisdiction, filed by Plaintiff Marion Hahn ("Hahn") [DE 31] and Defendant State Farm Fire and Casualty Company ("State Farm") [DE 32] pursuant to this Court's order [DE 28]. For the reasons below, this matter is **REMANDED** to Jefferson County Circuit Court.

### I.     BACKGROUND

On October 28, 2025, this Court granted Hahn's motion to amend her complaint. [*See* DE 32]. Hahn's Amended Complaint [DE 29 (the "Amended Complaint")] joins claims against two new defendants—Brian O'Loughlin ("O'Loughlin") and Wesley Savage ("Savage"). As noted in the order granting leave to amend, "O'Loughlin appears to be a resident of Kentucky, the state where Hahn is domiciled," which would mandate remand to state court under *Royal Canin U.S.A., Inc. v. Wullschleger,* 604 U.S. 22 (2024). [DE 28 at 179]. Because the Parties had not had an opportunity to address the question of complete diversity in light of the Amended Complaint, the Court then ordered the Parties to file a brief memorandum addressing this Court's subject matter jurisdiction. [*Id.* at 180]. The Parties filed their memoranda on November 4, 2025. [DE 31; DE 32].

## II. DISCUSSION

As the Supreme Court recently explained, "[i]n removed cases . . . amending a complaint to join a non-diverse party destroys diversity jurisdiction. So, if such a joinder occurs after removal, the federal court must remand the case to the state court it began in." *Royal Canin*, 604 U.S. at 38. In her memorandum, Hahn concludes that "[b]ecause both Hahn and O'Loughlin are Kentucky citizens, complete diversity no longer exists." [DE 31 at 207]. State Farm concedes that O'Loughlin "is a resident of the State of Kentucky" but asserts that he is a "nominal party" and so "his citizenship should be ignored for purposes of evaluating jurisdiction." [DE 32 at 212].

In *Navarro Sav. Ass'n v. Lee*, the Supreme Court addressed a line of early cases establishing that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." 46 U.S. 458, 461 (1980). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* Consistent with this opinion, the Sixth Circuit has held that "[i]f . . . [a] 'nondiverse' part[y] is not a real party in interest, and is purely a formal or nominal party, his or its presence may be ignored in determining jurisdiction." *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994).

Relying on *Navarro* and *Layne,* State Farm argues that O'Loughlin's citizenship must be ignored because O'Loughlin's minor involvement in the claims process makes him a "nominal party." According to State Farm,

> Plaintiff's Motion to Amend her Complaint and Exhibit 1 to the Amended Complaint make clear that Mr. O'Loughlin's only involvement in this claim was to forward emails to his manager and to advise Plaintiff that management was reviewing the claim. Mr. O'Loughlin did not maintain a contract with Ms. Hahn and was not responsible for paying bills submitted by Orange Restoration. Mr. O'Loughlin likewise did not deny any bills submitted by Orange Restoration. Plaintiff has named both State Farm and Mr. O'Loughlin's manager as parties to

2

>   this litigation. Mr. O'Loughlin's involvement was minimal and his citizenship
>   should be disregarded in addressing jurisdiction in the claims asserted.

[DE 32 at 215]. But State Farm misreads the holdings of *Navarro* and *Layne.* In those cases, the question was not whether other parties' involvement was "minimal" but whether they were the "real parties in interest." *Navarro*, 446 U.S. at 460. *See also Layne*, 26 F.3d at 43.

A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined. *Sun Oil Co. of Pennsylvania v. Pennsylvania Dept. of Labor & Industry*, 365 F.Supp. 1403, 1406 (E.D.Pa.1973). In contrast to a "real party in interest," a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit, *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952); *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 736 (E.D.Ky. 1981), or no actual interest or control over the subject matter of the litigation. *Stonybrook Tenants Ass'n, Inc. v. Alpert*, 194 F.Supp. 552, 556 (D.Conn. 1961). If a party is a real party in interest, "it is immaterial that his joinder was motivated by a desire to defeat jurisdiction." *Layne*, 26 F.3d at 42. The removing party bears the burden of establishing that diversity jurisdiction requirements are satisfied. *ElZayn v. Campbell*, No. 2:20-CV-493, 2020 WL 1164783, at *2 (S.D. Ohio Mar. 11, 2020). Of note, all doubt should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

Here, O'Loughlin is certainly the real party in interest as to Hahn's tortious interference claim which alleges that "together, or separately," O'Loughlin and Savage "ensur[ed] that Hahn would fail to pay Orange by . . . ensuring that State Farm would not honor its contractual agreements to pay Hahn" without justification. [DE 29 at 190]. O'Loughlin will be personally liable if Hahn were to prevail on her claim against him. Whether or not O'Loughlin's alleged involvement was so minimal as to defeat Hahn's claims against him could potentially be a defense to remand under a fraudulent joinder theory, but State Farm fails to make that argument here.

3

Case 3:24-cv-00280-RGJ-CHL    Document 33    Filed 11/07/25    Page 4 of 4 PageID #: 227

Accordingly, the Court finds that O'Loughlin's citizenship must be considered for the purposes of diversity jurisdiction. And because Hahn and O'Loughlin are both citizens of the State of Kentucky, complete diversity is destroyed, and this matter must be remanded to the state court. *Royal Canin*, 604 U.S. at 38.

### III.  CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that this matter is **REMANDED** to Jefferson County Circuit Court.

Rebecca Grady Jennings, District Judge
United States District Court

November 6, 2025

cc: Jefferson Circuit Court, 24-CI-2257

4